Daryl ROBERTSON, et al., Appellants,

v.

**BELLE CREEK WATERSHED DISTRICT, Respondent.**

**No. 47100.**

Supreme Court of Minnesota.

May 13, 1977.

Rehearing Denied July 15, 1977.

Johnson London & Rutzick and Lance J. Johnson, St. Paul, for appellants.

Frank J. Murray, St. Paul, for respondent.

Heard before ROGOSHESKE, MacLAUGHLIN and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is an appeal from an order of the District Court, First Judicial District, dismissing appellants' appeal from an order of the Belle Creek Watershed District (hereinafter called "watershed district") Board of Managers confirming the report of appraisers that benefits resulting from construction of a watershed project would be greater than the assessments and damages resulting therefrom. We reverse and remand for trial.

The watershed district decided to enter into a contract with the United States Department of Agriculture, Soil Conservation Service, for an improvement in the district consisting of five floodwater retarding structures, two grade stabilization structures, and a trout stream. The district held hearings pursuant to Minn.St. 112.69 to determine whether the improvement would be conducive to public health and promote the general welfare, and was in compliance with the provisions and purposes of the statute. The managers found that it was, and authorized the project and determined to enter into the proposed agreement with the Federal government.

The appellants appealed these findings to the Minnesota Water Resources Board pursuant to Minn.St. 112.801 in an earlier proceedings. The Water Resources Board made findings adverse to appellants and that appeal was not pursued further.

The board of managers then appointed appraisers to determine the benefits and damages to all lands and properties affected by the proposed improvement. All properties within the district, including those owned by appellants, were appraised and a separate report was prepared for each property. The managers found that the benefits resulting from the construction would be greater than the assessments and damages that would be incurred.

Following the report of the appraisers, many of the landowners involved concurred in the feasibility of the project and conveyed their properties to the watershed district. Appellants refused to do so. Appellants are three landowners out of approximately 28 involved in these proceedings, and they own roughly 25 to 30 percent of the land affected above the retarding structure.

When it became clear that appellants were steadfast in their opposition to the improvement and took the position that it was not economically viable and that they intended to challenge the appraisers' report in district court, respondent in its order confirming the appraisers' report apparently sought to thwart the challenge forthcoming from appellants and expedite the improvement by excluding the land of the appellants from the proceedings. In an order issued on September 9, 1975, the watershed district determined that while the property of the appellants was necessary for the improvement it should be stricken from the appraisers' report and acquired in

a separate condemnation proceeding. Separate condemnation proceedings on the part of the watershed district against the appellants are presently pending.[1]

On October 1, 1975, appellants filed a notice of appeal pursuant to Minn.St. 112.-801 to contest the exclusion of their land from the proceeding. They also sought to review the benefits and damages set forth in the appraisers' report, questioning whether the benefits would exceed said damages. In response, the respondent filed a motion to dismiss on the grounds that the appellants lacked standing to appeal because their land had been stricken from the report. The district court dismissed the appeal on those grounds and the appellants appeal to this court.

The issue raised by this appeal is: Whether the appellants have a right to appeal the order of the watershed district determining that the benefits resulting from the construction in this project would be greater than the assessments and damages that would be incurred in the project as an order affecting a "substantial right" under Minn.St. 112.801, subd. 1(1).

Since several statutes govern the questions on this appeal we will set them out in full. They are Minn.St. 112.69, subds. 1 and 2:

"Subdivision 1. Where an improvement is to be constructed within the district under a contract between the managers of said district and the state of Minnesota, or any department thereof, or by the United States of America, or any department thereof, wherein the cost of the improvement is to be paid for by the governmental agency but the rights-of-way, legal, and general expenses of the improvement are assumed by the district, the managers shall forward a copy of the improvement plan to the board and director for their reports thereon; thereupon, they shall hold a public hearing on the proposed contract authorized by section 112.67 following publication once each week for two successive weeks prior to the date of the hearing in a legal newspaper, published in the county or counties in which a part or all of the affected waters and lands are located. The last publication shall occur at least ten days before the hearing. The notice shall state the time and place of hearing, the general nature of the proposed improvement, the estimated cost thereof and the area proposed to be assessed. Not less than ten days before the hearing notice by mail shall be given to each resident owner, as shown on the county auditor's most recent records maintained for taxation purposes, within the area proposed to be assessed, and to the director and to each public body within the area to be assessed likely to be affected, but failure to give mailed notice or defects in the notice shall not invalidate the proceedings. At the time and place specified in the notice the managers shall hear all parties interested for and against the proposed project or improvement and all questions relative thereto shall be determined upon evidence presented at the hearing. If upon full hearing the managers find that the improvement will be conducive to public health and promote the general welfare, and is in compliance with the provisions and purposes of this chapter they shall make findings accordingly and authorize the project and enter into the proposed contract or other arrangement. Thereupon the managers shall appoint three disinterested freeholders of the state to act as appraisers. After the appraisers so selected subscribe to an oath to faithfully and impartially perform their duties, they shall, with or without the engineer, determine the benefits or damages to all lands and properties affected by the proposed improvement. They shall make and file with the managers a detailed statement

---

1. In a separate proceeding brought by the appellants, this court stayed the condemnation proceeding pending the outcome of this case.

showing the actual damages that have resulted or will result to individuals, property, or corporations from the construction of the improvement and make and file with the managers a detailed statement and list of lands and other property, including highways and corporations, receiving actual benefits by way of drainage, control of flood waters, or by other means herein authorized.

"Subd. 2. Upon the filing of the appraisers' report and the plans and engineering data prepared by the governmental agency the managers shall prepare a detailed statement of all costs and damages to be incurred in the construction of the improvement. They shall within 35 days thereafter by order fix a time and place within the district for a hearing upon the report. The managers shall cause notice to be given by publication and mailing as above provided for a hearing on a petition. At the time and place specified in the notice, the managers shall hear all parties interested for and against the confirming of the report; and may order and direct the modification of the assessment of benefits and damages, and amend or change the list of properties reported as benefited or damaged. If the amended reports include property not included in the original report the managers shall adjourn and cause to be published and mailed as in the original notice the proper notice with reference to all lands and properties not included in the previous notice. If upon full hearing the managers find that the benefits resulting from the construction will be greater than the assessments and damages they shall confirm the report. All persons or public corporations affected by the order may appeal therefrom as herein provided.

"Upon the filing by the managers with the auditor of any county of a statement listing the property and corporations benefited or damaged or otherwise affected by any improvement as found by the appraisers and approved by the managers, proceedings shall be had as provided in section 112.60.

"Section 112.47 is not applicable to works of the district constructed under contract as provided in this section."

And Minn.St. 112.801, subds. 1 through 4:

"Subdivision 1. An appeal may be had to the district court or to the Minnesota water resources board by any party, or jointly by more than one, aggrieved by an order of the managers made in any proceeding and entered upon its record determining any of the following matters:

(1) The amount of benefits determined;

(2) The amount of damages allowed;

(3) Relative to the allowance of fees or expenses in any proceedings,

(4) Which affects a substantial right, or

(5) An order of the board of managers authorizing or refusing to establish a project and improvement in whole or in part.

"Subd. 2. In all cases of appeal, the amount awarded by the jury or the board as finally determined shall stand for and in the place of the amount from which the appeal was taken.

"Subd. 3. If an appeal is taken from an order authorizing an improvement, the trial of any appeals from benefits or damages in such proceedings shall be stayed pending the determination of such appeal. If the order authorizing be affirmed, any such appeal from benefits or damages shall then stand for trial as provided by this section. If such appeal be from an order refusing to authorize an improvement, and if the court or the board thereafter orders the improvement the secretary of the district shall give notice by publication of the filing of the order. Such notice shall be sufficient if it refers to the proposed improvement by general description and recites the substance of the order and the date of filing in the court.

"Subd. 4. Any person or public corporation appealing on the first or second grounds named in subdivision 1, may in-

clude and have considered and determined benefits or damages affecting property other than his own. Notice of such appeal shall be served upon the owner or occupant of such other property or upon the attorney who represented such owner in the proceedings. Such notice of appeal shall be served upon the auditor of the county wherein the property is situated and upon the clerk of the district court of the county wherein the principal place of business of the district is located, or upon the secretary of the board."

Central to the determination of this case is whether the legislature intended to allow for one or two appeals for the proceedings brought pursuant to Minn.St. 112.69, specifically, whether there is a right to appeal the district's decision to contract with the Federal government for the project, and also a right to appeal the overall economic feasibility of the project after the assessment of benefits and damages.

Initially, we note that it would not be conducive to a fair procedure for those affected to allow a watershed district to enter into a contract for the construction of a project before the initial finding that such a project would be in the public interest could be challenged on appeal. If a landowner could only appeal after a contract was entered into, the plans for the project devised, and the report of the appraisers submitted, large amounts of time and money might unnecessarily be expended should an appeal of the purpose of the project be successful. Thus, the legislature provided for such an appeal in § 112.801, subd. 5. The appellants already have appealed this decision to the Water Resources Board and thus this question is moot on this appeal.

The remaining issue is whether the appellants may challenge the overall economic feasibility of the project on the grounds that it affects a "substantial right" under Minn.St. 112.801, subd. 4. Benefits or damages for individual lands may be appealed pursuant to Minn.St. 112.801, subds. 1 and 2, provided that notice is given to other affected owners if the landowner appeals benefits or damages to land other than his own. In this case, no such notice was given to other landowners; however, the appellants also appealed to the district court on the grounds that the order of the managers striking their land from the appraisers' report attempted to preclude them from challenging the overall economic feasibility of the project and thus affected a "substantial right." Respondent argues that the appellants cannot be heard under c. 112 at all on this issue. Instead, they contend that the economic feasibility and the amount of the awards can only be raised in a condemnation proceeding brought under c. 117.

A watershed project such as this comprises three separate proceedings. First, § 112.69 provides that the managers should hear all interested parties, for and against the proposed project, and determine whether the improvement would be conducive to public health and promote the general welfare and in compliance with the statutes. Second, the managers then appoint appraisers who submit a report to them. After a hearing on the report, the managers must find that the benefits resulting from the construction would be greater than the assessments and damages that would be incurred. Finally, after—and only after—the first two stages have been completed does the third stage, condemnation, come into play. If an individual landowner refuses voluntarily to convey his property, the watershed district may condemn the land under c. 117. Each of these is a separate proceeding. We hold appeals can be taken at each stage.

In the present case, the appeal from the first stage has been taken and exhausted. We are now at the second stage. We hold that any interested landowner may question whether the project is economically feasible. In this case, the appellants' lands were a necessary part of the overall project. Their right to appeal cannot be cut off by simply dismissing them from the proceedings after the appraisers' report has been filed and leaving them to challenge the condemnation proceedings. They have a right to contest the economic feasibility of the project. The case therefore is remand-

ed to the district court for trial on the question of the overall economic feasibility of the project in accordance with the following language under Minn.St. 112.69, subd. 2:

"* * * All persons or public corporations affected by the order may appeal therefrom as herein provided."

Reversed and remanded for trial.

ON PETITION FOR REHEARING

PER CURIAM.

The petition for rehearing is denied.

On remand, the trial court is directed to consolidate the action to challenge the economic feasibility of the project with the condemnation proceeding.